GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
ALECIA E. COTTON, ESQ. (State Bar #252777)
GOLI MAHDAVI, ESQ. (State Bar #245705)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile:  (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH HANNA<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br>TODD SHIPYARDS CORPORATION,<br>NATIONAL STEEL AND<br>SHIPBUILDING COMPANY,<br><br><br><br>Defendants. | CASE NO. CV 08-0980 EDL<br><br>**ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO PLAINTIFF'S COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY** |

COMES NOW Defendant Todd Shipyards Corporation ("TODD"), and for an Answer to Plaintiff RUDOLPH HANNA's ("Plaintiff") Complaint for Negligence (Personal Injury), and Products Liability, admits, denies and alleges as follows:

**THE PARTIES**

1. Answering Paragraph 1 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, TODD is without sufficient knowledge or

1  information to form a belief as to the truth of the allegations contained in said paragraph, and, on that
2  basis, denies generally and specifically, each and every allegation contained therein.

3.  Answering Paragraph 3 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

4.  Answering Paragraph 4 of the Complaint, TODD denies generally and specifically, that Plaintiff's claims arise out of a similar series of occurrences. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

5.  Answering Paragraph 5 of the Complaint, TODD denies generally and specifically, that Plaintiff's claims arise out of an identical series of occurrences. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

6.  Answering Paragraph 6 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, TODD admits that it is a Corporation existing under the laws of other states, and that it is authorized to conduct business in the State of California and the County of San Francisco, but denies it is presently conducting business in the State of California, and, unless expressly admitted herein, TODD denies each and every remaining allegation in said paragraph.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

8.  Answering Paragraph 8 of the Complaint, TODD admits that this Court has jurisdiction over the subject matter of Plaintiff's Complaint under 25 U.S.C. Section 1332 because, based on the allegations in the pleadings, there is complete diversity and an actual or substantial controversy exists between citizens of different states, and, unless expressly admitted herein, TODD

denies each and every remaining allegation in said paragraph.

9. Answering Paragraph 9 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION – NEGLIGENCE

10. Answering Paragraph 10 of the Complaint, TODD denies generally and specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos. TODD admits that TODD PACIFIC SHIPYARDS CORPORATION is a wholly owned subsidiary of TODD SHIPYARDS CORPORATION. SEATTLE-TACOMA SHIPBUILDING CORP. merged into TODD SHIPYARDS CORPORATION in 1946. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, TODD denies generally and specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, endorsed, tested, authorized, approved, certified, facilitated, promoted, represented, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

containing asbestos. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

13. Answering Paragraph 13 of the Complaint, TODD denies generally and specifically, that it owed a duty to Plaintiffs and that it breached said duty of care.

14. Answering Paragraph 14 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

15. Answering Paragraph 15 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, TODD is without sufficient knowledge

or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

23. Answering Paragraph 23 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

24. Answering Paragraph 24 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

## SECOND CAUSE OF ACTION - PRODUCTS LIABILITY

25. Answering Paragraph 25 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 24 as though fully set forth herein.

26. Answering Paragraph 26 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

27. Answering Paragraph 27 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

1  32. Answering Paragraph 32 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

34. Answering Paragraph 34 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

### SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff has failed to join all persons and parties needed for a just adjudication of this action.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's claims are barred by laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

TODD alleges that the entirety of Plaintiff's claims against TODD are negated by the "government contractor" defense, including any performance contracts. (*Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *Boyle v. United Technologies*, 487 U.S. 500 (1988); *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347 (4th Cir. 1998).)

### FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff has failed to commence this action within the time required by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 337.1, 337.15, 338(a), 338(d), 340.2, 343, 583.110, 583.210, 583.310, 583.410, and Commercial Code § 2725.

### SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's damages, if any, were proximately caused, in whole or in part, by Plaintiff's own fault and negligence in failing to exercise reasonable care for his own safety. Plaintiff's recovery from TODD, if any, should therefore be reduced proportionate to Plaintiff's comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff has failed to mitigate the alleged damages, if any there were. Accordingly, the amount of loss, injury or damages to which Plaintiff is entitled, if any, should be reduced by the amount of loss, injury or damages which would have otherwise been mitigated and Plaintiff is barred from any recovery of any loss, injury or damages suffered thereby.

### EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiff was injured by products used or installed by TODD, which is denied, such injury occurred after the expiration of the useful safe life of such products.

### NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were the sole and proximate result of an unavoidable accident.

### TENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were caused by and/or contributed to Plaintiff's misuse of the product(s) which he used, and therefore Plaintiff's recovery should be barred or reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were solely and proximately caused by and/or contributed to the negligence of third persons or entities over whom or which TODD had no control or supervision. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to such third parties.

### TWELFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were solely and proximately caused by material modifications or alterations of the product(s) involved in this action after it or they left the custody and control of Defendant TODD.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that any asbestos-containing product(s) alleged to have caused Plaintiff's injuries, were manufactured, used, installed and/or distributed in mandatory compliance with specifications promulgated by the United States government under its war powers, as set forth in the U. S. Constitution, and that any recovery by Plaintiff is barred as a consequence of the exercise of those sovereign powers.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that any product(s) alleged to have caused Plaintiff's injuries, were manufactured,

installed, used or distributed in compliance with specifications provided by third parties to TODD and/or in compliance with all applicable health and safety statutes and regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiff suffered any damages, which is denied, the risk of any such damages was not foreseeable to TODD. At all times material hereto, TODD acted in accordance with the state of scientific knowledge available to installers and/or users of asbestos-containing products.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, with respect to the product(s) allegedly supplied, distributed, manufactured and/or sold by TODD, alleged by Plaintiff to have caused Plaintiff's loss, injury or damages, TODD received no notice of any dangerous, hazardous or defective condition, or any breach of warranty, either expressed or implied.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's claims against TODD are barred by the holdings of *Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235, *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253, and *Privette v. Superior Court* (1993) 5 Cal.4th 689.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's exposure to any asbestos-containing product(s) allegedly used, installed, manufactured, supplied and/or distributed by TODD was minimal and insufficient to establish the probability that said product(s) were a legal cause of Plaintiff's alleged injuries.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that this action is barred by the applicable state and/or federal industrial insurance and/or Workers' Compensation laws, including, but not limited to, California Labor Code Section

3601 and 3602, and 33 U.S.C. Section 905.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at the time of the injuries alleged in the Complaint, Plaintiff was employed by persons other than TODD; was entitled to receive and did receive Workers' Compensation benefits from said employer(s) or their insurers; and that said employer(s) were negligent and careless in and about the matters referred to in Plaintiff's Complaint. Therefore, TODD is entitled to set-off any such benefits received by Plaintiff against any judgment rendered in Plaintiff's favor herein, and said employer(s) are barred from any recovery by lien or otherwise against TODD in connection with this matter.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff was advised, informed, and warned of any purported hazards and/or dangers, if any, associated with the normal and foreseeable use, handling, and storage of the product, substance and equipment described in the Complaint. Plaintiff knew, or in the exercise of ordinary care, should have known, of the purported risks and hazards involved in the undertaking alleged, but nevertheless, willingly, voluntarily and knowingly consented to assume such purported risks and hazards incident to said undertaking and conduct, at the time and place alleged in said Complaint, all of which proximately caused and contributed to any loss, injury or damages alleged herein. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at all times relevant to the matters alleged in Plaintiff's Complaint, Plaintiff's employer(s), including the United States Navy, were sophisticated users of asbestos-containing products, and said employer(s)' negligence in providing said product(s) to its employees was a superseding and/or intervening cause of Plaintiff's injuries, if any there were.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that there was no concert of action among TODD and other Defendants to this action and that any alleged liability or responsibility of TODD, which is denied, is minimal in proportion to the alleged liability and responsibility of other persons and entities including the other Defendants herein. Plaintiff should therefore be limited to seeking recovery from TODD for the proportion of alleged injuries and damages for which TODD is allegedly liable or responsible, all such alleged liability and responsibility being denied.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to the extent the Complaint alleges that TODD has "market-share liability" or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that it is entitled to set-off from all settlements, judgments, or similar amounts received by Plaintiff, against any judgment rendered against it in Plaintiff's favor herein.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges, in accordance with Section 1431.2 of the Civil Code, known as the Fair Responsibility Act of 1986, that if Plaintiff's Complaint states a cause of action, each Defendant is liable, if at all, only for those non-economic damages allocated to each in direct proportion to each Defendant's percentage of fault, if any. TODD requests a judicial determination of the amount of non-economic damages, if any. TODD also requests a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

TODD alleges that the damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than TODD, for which TODD is not responsible.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that neither the Complaint nor any purported causes of action alleged therein state facts sufficient to entitle Plaintiff to an award of punitive damages against TODD.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff is not entitled to recover punitive or exemplary damages from TODD and that such damages are violative of the Constitutions of the United States of America and of the Constitution of the State of California.

### THIRTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's instant action is barred or, alternatively, merged into a prior cause of action for which Plaintiff has previously sued upon, recovered, and dismissed with prejudice, thereby requiring a complete extinguishment of the instant action due to the doctrines of Res Judicata and Collateral Estoppel.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's instant action is barred and discharged, pursuant to Title 11 U.S.C. Section 1141(d), and that Plaintiff's action violates the pending injunction against such claims that exists, by operation of law, pursuant to Title 11 U.S.C. Section 524(a)(2).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to Plaintiff's Complaint, TODD alleges that its materials and/or products were manufactured, produced, supplied, installed, sold, and distributed pursuant to a contract with the United States government, and that any recovery by Plaintiff on the Complaint filed herein is barred by consequence of the

judicially recognized doctrine of immunity conferred upon that contractual relationship, and any occurrences arising therefrom.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to Plaintiff's Complaint, TODD alleges that the state-imposed duty upon TODD significantly conflicts with an identifiable federal interest or policy and, therefore, is displaced under the holding of *Boyle v. United Technologies*, 487 U.S. 500 (1988).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff did not reasonably rely on any representation, disclaimer, warranty or other act or omission of TODD.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff was not in privity of contract with TODD, and said lack of privity bars recovery herein upon any theory of warranty.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff named TODD in this litigation without reasonable product identification and without reasonable investigation. Accordingly, pursuant to California Code of Civil Procedure Section 128.5, TODD requests reasonable expenses, including attorney's fees incurred by TODD, as a result of the maintenance of this bad-faith litigation.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised his claims herein, and, accordingly, said claims are barred by operation of law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD is presently without sufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses. Accordingly, TODD reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD denies any and all liability as a successor, predecessor, predecessor in business, predecessor in a product line or portion thereof, parent, "alter ego," subsidiary, wholly or partially owned, by or the whole or partial owner or member in any entity which researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos.

### FORTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the claims asserted by Plaintiff were proximately caused by a superseding and intervening cause.

### FORTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the claims asserted by Plaintiff were not a substantial factor in bringing about the loss, injury or damages alleged in the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff is barred from recovery from TODD in that the product allegedly supplied, distributed, manufactured and/or sold by TODD, if any, was in conformity with the existing

state-of-art applicable at the time of their manufacture, sale, formulation or distribution and, thus, such product was not defective in any manner.

### FORTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the product allegedly supplied, distributed, manufactured and/or sold by TODD, was properly designed, manufactured, and fit for the purpose for which they were intended. Said product was improperly maintained, misused, and/or abused by Plaintiff and/or others, and proximately caused Plaintiff's alleged loss, injury or damages. Such misuse, abuse or improper maintenance was not forseeable to TODD. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff and/or others.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that its alleged actions, which are the subject of the Complaint, were lawful.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that it presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, defense available. TODD reserves the right to assert additional defenses in the event that they would be appropriate.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that TODD has fully performed any contractual, statutory or other alleged duties to Plaintiff, if any such duties were owed, and Plaintiff is thus barred from recovery.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's damages against TODD are speculative, and Plaintiff is barred from asserting any such damages against TODD.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

TODD alleges that it was justified in undertaking actions to protect its interests and acted at all times reasonably and in good faith and, thus, its conduct as alleged in the Complaint was justified or excused.

### FORTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that other parties are responsible either directly or indirectly for liability for Plaintiff's loss, injuries or damages, and in the event that TODD is held liable for Plaintiff's loss, injury or damages, such persons or entities are obligated to reimburse TODD for all costs and expenses resulting from the present lawsuit.

### FIFTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, at the time the product, substance and equipment described in the Complaint left the custody and control of TODD, it was not unreasonably dangerous or defective, of good merchantable quality, and performed as safely as an ordinary consumer would have expected at the time of use.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, the product, substance and equipment described in the Complaint, was improperly maintained and cared for by Plaintiff and/or the owners of the product(s), and such improper care and maintenance created any defect, if any, which was the proximate and legal cause of Plaintiff's loss, injury or damages, if any. Such improper maintenance and care was not forseeable to TODD. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff and/or the owners of the product(s) by virtue of said improper maintenance and care.

**WHEREFORE**, TODD prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint herein;
2. That judgment be entered in favor of TODD;
3. For costs of suit incurred herein;

4. For appropriate credits and set-offs arising out of any payment of Workers' Compensation benefits as alleged above;

5. For a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith; and

6. For such other and further relief as the Court may deem just and proper.

DATED: March 24, 2008

YARON & ASSOCIATES

By: _____

GEORGE D. YARON
KEITH E. PATTERSON
GOLI MAHDAVI
ALECIA E. COTTON
Attorneys for Defendant
TODD SHIPYARDS CORPORATION