GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
ALECIA E. COTTON, ESQ. (State Bar #252777)
GOLI MAHDAVI, ESQ. (State Bar #245705)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH HANNA<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br>TODD SHIPYARDS CORPORATION,<br>NATIONAL STEEL AND<br>SHIPBUILDING COMPANY,<br><br><br><br>Defendants. | CASE NO. CV 08-0980 EDL<br><br>**ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO PLAINTIFF'S COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY** |

COMES NOW Defendant Todd Shipyards Corporation ("TODD"), and for an Answer to Plaintiff RUDOLPH HANNA's ("Plaintiff") Complaint for Negligence (Personal Injury), and Products Liability, admits, denies and alleges as follows:

## THE PARTIES

1.    Answering Paragraph 1 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

2.    Answering Paragraph 2 of the Complaint, TODD is without sufficient knowledge or

1  information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

2  basis, denies generally and specifically, each and every allegation contained therein.

3      3.    Answering Paragraph 3 of the Complaint, TODD is without sufficient knowledge or

4  information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

5  basis, denies generally and specifically, each and every allegation contained therein.

6      4.    Answering Paragraph 4 of the Complaint, TODD denies generally and specifically,

7  that Plaintiff's claims arise out of a similar series of occurrences.  TODD is without sufficient

8  knowledge or information to form a belief as to the truth of the remaining allegations contained in

9  said paragraph, and, on that basis, denies generally and specifically, each and every allegation

10  contained therein.

11      5.    Answering Paragraph 5 of the Complaint, TODD denies generally and specifically,

12  that Plaintiff's claims arise out of an identical series of occurrences.  TODD is without sufficient

13  knowledge or information to form a belief as to the truth of the remaining allegations contained in

14  said paragraph, and, on that basis, denies generally and specifically, each and every allegation

15  contained therein.

16      6.    Answering Paragraph 6 of the Complaint, TODD is without sufficient knowledge or

17  information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

18  basis, denies generally and specifically, each and every allegation contained therein.

19      7. Answering Paragraph 7 of the Complaint, TODD admits that it is a Corporation existing

20  under the laws of other states, and that it is authorized to conduct business in the State of California

21  and the County of San Francisco, but denies it is presently conducting business in the State of

22  California, and, unless expressly admitted herein, TODD denies each and every remaining allegation

23  in said paragraph.

24      **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

25      8.    Answering Paragraph 8 of the Complaint, TODD admits that this Court has

26  jurisdiction over the subject matter of Plaintiff's Complaint under 25 U.S.C. Section 1332 because,

27  based on the allegations in the pleadings, there is complete diversity and an actual or substantial

28  controversy exists between citizens of different states, and, unless expressly admitted herein, TODD

1  denies each and every remaining allegation in said paragraph.

2      9.    Answering Paragraph 9 of the Complaint, TODD is without sufficient knowledge or

3  information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

4  basis, denies generally and specifically, each and every allegation contained therein.

5                          **CAUSES OF ACTION**

6                  **FIRST CAUSE OF ACTION – NEGLIGENCE**

7      10.   Answering Paragraph 10 of the Complaint, TODD denies generally and

8  specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

9  CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, studied,

10 manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered

11 for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted,

12 represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted,

13 rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed

14 and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

15 containing asbestos. TODD admits that TODD PACIFIC SHIPYARDS CORPORATION is a

16 wholly owned subsidiary of TODD SHIPYARDS CORPORATION. SEATTLE-TACOMA

17 SHIPBUILDING CORP. merged into TODD SHIPYARDS CORPORATION in 1946. TODD is

18 without sufficient knowledge or information to form a belief as to the truth of the remaining

19 allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and

20 every allegation contained therein.

21     11.   Answering Paragraph 11 of the Complaint, TODD denies generally and

22 specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

23 CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, manufactured,

24 fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

25 supplied, sold, inspected, endorsed, tested, authorized, approved, certified, facilitated, promoted,

26 represented, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded,

27 manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or

28 facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

containing asbestos. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

13. Answering Paragraph 13 of the Complaint, TODD denies generally and specifically, that it owed a duty to Plaintiffs and that it breached said duty of care.

14. Answering Paragraph 14 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

15. Answering Paragraph 15 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, TODD is without sufficient knowledge

1    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

2    that basis, denies generally and specifically, each and every allegation contained therein.

3         22.    Answering Paragraph 22 of the Complaint, TODD denies generally and specifically,

4    each and every allegation therein.

5         23.    Answering Paragraph 23 of the Complaint, TODD denies generally and specifically,

6    each and every allegation therein.

7         24.    Answering Paragraph 24 of the Complaint, TODD denies generally and specifically,

8    each and every allegation therein.

9                   **SECOND CAUSE OF ACTION - PRODUCTS LIABILITY**

10        25.    Answering Paragraph 25 of the Complaint, TODD incorporates and realleges its

11   responses to paragraphs 1 through 24 as though fully set forth herein.

12        26.    Answering Paragraph 26 of the Complaint, TODD denies generally and specifically,

13   each and every allegation therein.

14        27.    Answering Paragraph 27 of the Complaint, TODD is without sufficient knowledge

15   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

16   that basis, denies generally and specifically, each and every allegation contained therein.

17        28.    Answering Paragraph 28 of the Complaint, TODD is without sufficient knowledge

18   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

19   that basis, denies generally and specifically, each and every allegation contained therein.

20        29.    Answering Paragraph 29 of the Complaint, TODD is without sufficient knowledge

21   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

22   that basis, denies generally and specifically, each and every allegation contained therein.

23        30.    Answering Paragraph 30 of the Complaint, TODD is without sufficient knowledge

24   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

25   that basis, denies generally and specifically, each and every allegation contained therein.

26        31.    Answering Paragraph 31 of the Complaint, TODD is without sufficient knowledge

27   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

28   that basis, denies generally and specifically, each and every allegation contained therein.

1    32.    Answering Paragraph 32 of the Complaint, TODD is without sufficient knowledge

2 or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

3 that basis, denies generally and specifically, each and every allegation contained therein.

4    33.    Answering Paragraph 33 of the Complaint, TODD denies generally and specifically,

5 each and every allegation therein.

6    34.    Answering Paragraph 34 of the Complaint, TODD is without sufficient knowledge

7 or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

8 that basis, denies generally and specifically, each and every allegation contained therein.

9    35.    Answering Paragraph 35 of the Complaint, TODD is without sufficient knowledge

10 or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

11 that basis, denies generally and specifically, each and every allegation contained therein.

12    36.    Answering Paragraph 36 of the Complaint, TODD is without sufficient knowledge

13 or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

14 that basis, denies generally and specifically, each and every allegation contained therein.

15                          **AFFIRMATIVE DEFENSES**

16                     **FIRST AFFIRMATIVE DEFENSE**

17    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

18 TODD alleges that the Complaint fails to state facts sufficient to constitute a cause of action against

19 TODD.

20                     **SECOND AFFIRMATIVE DEFENSE**

21    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

22 TODD alleges that Plaintiff has failed to join all persons and parties needed for a just adjudication

23 of this action.

24                      **THIRD AFFIRMATIVE DEFENSE**

25    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

26 TODD alleges that Plaintiff's claims are barred by laches, waiver and/or estoppel.

27                     **FOURTH AFFIRMATIVE DEFENSE**

28    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1  TODD alleges that the entirety of Plaintiff's claims against TODD are negated by the "government

2  contractor" defense, including any performance contracts. (*Yearsley v. W.A. Ross Construction Co.*,

3  309 U.S. 18 (1940); *Boyle v. United Technologies*, 487 U.S. 500 (1988); *Emory v. McDonnell*

4  *Douglas Corp.*, 148 F.3d 347 (4th Cir. 1998).)

5  ### FIFTH AFFIRMATIVE DEFENSE

6  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

7  TODD alleges that Plaintiff has failed to commence this action within the time required by the

8  applicable statutes of limitation, including but not limited to California Code of Civil Procedure

9  Sections 337.1, 337.15, 338(a), 338(d), 340.2, 343, 583.110, 583.210, 583.310, 583.410, and

10  Commercial Code § 2725.

11  ### SIXTH AFFIRMATIVE DEFENSE

12  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

13  TODD alleges that Plaintiff's damages, if any, were proximately caused, in whole or in part, by

14  Plaintiff's own fault and negligence in failing to exercise reasonable care for his own safety.

15  Plaintiff's recovery from TODD, if any, should therefore be reduced proportionate to Plaintiff's

16  comparative fault.

17  ### SEVENTH AFFIRMATIVE DEFENSE

18  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

19  TODD alleges that Plaintiff has failed to mitigate the alleged damages, if any there were.

20  Accordingly, the amount of loss, injury or damages to which Plaintiff is entitled, if any, should be

21  reduced by the amount of loss, injury or damages which would have otherwise been mitigated and

22  Plaintiff is barred from any recovery of any loss, injury or damages suffered thereby.

23  ### EIGHTH AFFIRMATIVE DEFENSE

24  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

25  TODD alleges that if Plaintiff was injured by products used or installed by TODD, which is denied,

26  such injury occurred after the expiration of the useful safe life of such products.

27  ### NINTH AFFIRMATIVE DEFENSE

28  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1  TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were the sole

2  and proximate result of an unavoidable accident.

3  **TENTH AFFIRMATIVE DEFENSE**

4         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

5  TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were caused

6  by and/or contributed to Plaintiff's misuse of the product(s) which he used, and therefore Plaintiff's

7  recovery should be barred or reduced accordingly.

8  **ELEVENTH AFFIRMATIVE DEFENSE**

9         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

10  TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were solely and

11  proximately caused by and/or contributed to the negligence of third persons or entities over whom

12  or which TODD had no control or supervision.  Therefore, Plaintiff's damages, if any, are barred or

13  reduced by the percentage of all responsibility attributable to such third parties.

14  **TWELFTH AFFIRMATIVE DEFENSE**

15         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

16  TODD alleges that if Plaintiff suffered any damages, which is denied, such damages were solely and

17  proximately caused by material modifications or alterations of the product(s) involved in this action

18  after it or they left the custody and control of Defendant TODD.

19  **THIRTEENTH AFFIRMATIVE DEFENSE**

20         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

21  TODD alleges that any asbestos-containing product(s) alleged to have caused Plaintiff's injuries,

22  were manufactured, used, installed and/or distributed in mandatory compliance with specifications

23  promulgated by the United States government under its war powers, as set forth in the U. S.

24  Constitution, and that any recovery by Plaintiff is barred as a consequence of the exercise of those

25  sovereign powers.

26  **FOURTEENTH AFFIRMATIVE DEFENSE**

27         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

28  TODD alleges that any product(s) alleged  to have caused Plaintiff's  injuries, were manufactured,

1   installed, used or distributed in compliance with specifications provided by third parties to TODD

2   and/or in compliance with all applicable health and safety statutes and regulations.

3                           **FIFTEENTH AFFIRMATIVE DEFENSE**

4          AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

5   TODD alleges that if Plaintiff suffered any damages, which is denied, the risk of any such damages

6   was not foreseeable to TODD. At all times material hereto, TODD acted in accordance with the state

7   of scientific knowledge available to installers and/or users of asbestos-containing products.

8                           **SIXTEENTH AFFIRMATIVE DEFENSE**

9          AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

10  TODD alleges that, with respect to the product(s) allegedly supplied, distributed, manufactured

11  and/or sold by TODD, alleged by Plaintiff to have caused Plaintiff's loss, injury or damages, TODD

12  received no notice of any dangerous, hazardous or defective condition, or any breach of warranty,

13  either expressed or implied.

14                          **SEVENTEENTH AFFIRMATIVE DEFENSE**

15         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

16  TODD alleges that Plaintiff's claims against TODD are barred by the holdings of *Kinsman v.*

17  *Unocal Corp.* (2005) 37 Cal.4th 659, *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235, *Bockrath*

18  *v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, *Toland v. Sunland Housing Group, Inc.* (1998) 18

19  Cal.4th 253, and *Privette v. Superior Court* (1993) 5 Cal.4th 689.

20                          **EIGHTEENTH AFFIRMATIVE DEFENSE**

21         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

22  TODD alleges that Plaintiff's exposure to any asbestos-containing product(s) allegedly used,

23  installed, manufactured, supplied and/or distributed by TODD was minimal and insufficient to

24  establish the probability that said product(s) were a legal cause of Plaintiff's alleged injuries.

25                          **NINETEENTH AFFIRMATIVE DEFENSE**

26         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

27  TODD alleges that this action is barred by the applicable state and/or federal industrial insurance

28  and/or Workers' Compensation laws, including, but not limited to, California Labor Code Section

3601 and 3602, and 33 U.S.C. Section 905.

## TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at the time of the injuries alleged in the Complaint, Plaintiff was employed by persons other than TODD; was entitled to receive and did receive Workers' Compensation benefits from said employer(s) or their insurers; and that said employer(s) were negligent and careless in and about the matters referred to in Plaintiff's Complaint. Therefore, TODD is entitled to set-off any such benefits received by Plaintiff against any judgment rendered in Plaintiff's favor herein, and said employer(s) are barred from any recovery by lien or otherwise against TODD in connection with this matter.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff was advised, informed, and warned of any purported hazards and/or dangers, if any, associated with the normal and foreseeable use, handling, and storage of the product, substance and equipment described in the Complaint. Plaintiff knew, or in the exercise of ordinary care, should have known, of the purported risks and hazards involved in the undertaking alleged, but nevertheless, willingly, voluntarily and knowingly consented to assume such purported risks and hazards incident to said undertaking and conduct, at the time and place alleged in said Complaint, all of which proximately caused and contributed to any loss, injury or damages alleged herein. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at all times relevant to the matters alleged in Plaintiff's Complaint, Plaintiff's employer(s), including the United States Navy, were sophisticated users of asbestos-containing products, and said employer(s)' negligence in providing said product(s) to its employees was a superseding and/or intervening cause of Plaintiff's injuries, if any there were.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that there was no concert of action among TODD and other Defendants to this action and that any alleged liability or responsibility of TODD, which is denied, is minimal in proportion to the alleged liability and responsibility of other persons and entities including the other Defendants herein. Plaintiff should therefore be limited to seeking recovery from TODD for the proportion of alleged injuries and damages for which TODD is allegedly liable or responsible, all such alleged liability and responsibility being denied.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to the extent the Complaint alleges that TODD has "market-share liability" or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that it is entitled to set-off from all settlements, judgments, or similar amounts received by Plaintiff, against any judgment rendered against it in Plaintiff's favor herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges, in accordance with Section 1431.2 of the Civil Code, known as the Fair Responsibility Act of 1986, that if Plaintiff's Complaint states a cause of action, each Defendant is liable, if at all, only for those non-economic damages allocated to each in direct proportion to each Defendant's percentage of fault, if any. TODD requests a judicial determination of the amount of non-economic damages, if any. TODD also requests a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

TODD alleges that the damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than TODD, for which TODD is not responsible.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that neither the Complaint nor any purported causes of action alleged therein state facts sufficient to entitle Plaintiff to an award of punitive damages against TODD.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff is not entitled to recover punitive or exemplary damages from TODD and that such damages are violative of the Constitutions of the United States of America and of the Constitution of the State of California.

### THIRTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's instant action is barred or, alternatively, merged into a prior cause of action for which Plaintiff has previously sued upon, recovered, and dismissed with prejudice, thereby requiring a complete extinguishment of the instant action due to the doctrines of Res Judicata and Collateral Estoppel.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff's instant action is barred and discharged, pursuant to Title 11 U.S.C. Section 1141(d), and that Plaintiff's action violates the pending injunction against such claims that exists, by operation of law, pursuant to Title 11 U.S.C. Section 524(a)(2).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to Plaintiff's Complaint, TODD alleges that its materials and/or products were manufactured, produced, supplied, installed, sold, and distributed pursuant to a contract with the United States government, and that any recovery by Plaintiff on the Complaint filed herein is barred by consequence of the

1  judicially recognized doctrine of immunity conferred upon that contractual relationship, and any

2  occurrences arising therefrom.

3

4  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

5  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to

6  Plaintiff's Complaint, TODD alleges that the state-imposed duty upon TODD significantly conflicts

7  with an identifiable federal interest or policy and, therefore, is displaced under the holding of *Boyle*

8  *v. United Technologies*, 487 U.S. 500 (1988).

9  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

10  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

11  TODD alleges that Plaintiff did not reasonably rely on any representation, disclaimer, warranty or

12  other act or omission of TODD.

13  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

14  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

15  TODD alleges that Plaintiff was not in privity of contract with TODD, and said lack of privity bars

16  recovery herein upon any theory of warranty.

17  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

18  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

19  TODD alleges that Plaintiff named TODD in this litigation without reasonable product identification

20  and without reasonable investigation. Accordingly, pursuant to California Code of Civil Procedure

21  Section 128.5, TODD requests reasonable expenses, including attorney's fees incurred by TODD, as

22  a result of the maintenance of this bad-faith litigation.

23  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

24  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

25  TODD alleges that Plaintiff has released, settled, entered into an accord and satisfaction, or

26  otherwise compromised his claims herein, and, accordingly, said claims are barred by operation of

27  law.

28  ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD is presently without sufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses. Accordingly, TODD reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD denies any and all liability as a successor, predecessor, predecessor in business, predecessor in a product line or portion thereof, parent, "alter ego," subsidiary, wholly or partially owned, by or the whole or partial owner or member in any entity which researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos.

### FORTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the claims asserted by Plaintiff were proximately caused by a superseding and intervening cause.

### FORTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the claims asserted by Plaintiff were not a substantial factor in bringing about the loss, injury or damages alleged in the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiff is barred from recovery from TODD in that the product allegedly supplied, distributed, manufactured and/or sold by TODD, if any, was in conformity with the existing

1  state-of-art applicable at the time of their manufacture, sale, formulation or distribution and, thus,

2  such product was not defective in any manner.

3  ### FORTY-THIRD AFFIRMATIVE DEFENSE

4  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

5  TODD alleges that the product allegedly supplied, distributed, manufactured and/or sold by TODD,

6  was properly designed, manufactured, and fit for the purpose for which they were intended. Said

7  product was improperly maintained, misused, and/or abused by Plaintiff and/or others, and

8  proximately caused Plaintiff's alleged loss, injury or damages. Such misuse, abuse or improper

9  maintenance was not forseeable to TODD. Therefore, Plaintiff's damages, if any, are barred or

10  reduced by the percentage of all responsibility attributable to Plaintiff and/or others.

11  ### FORTY-FOURTH AFFIRMATIVE DEFENSE

12  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

13  TODD alleges that its alleged actions, which are the subject of the Complaint, were lawful.

14  ### FORTY-FIFTH AFFIRMATIVE DEFENSE

15  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

16  TODD alleges that it presently has insufficient knowledge and/or information on which to form a

17  belief as to whether it may have additional, as yet unstated, defense available. TODD reserves the

18  right to assert additional defenses in the event that they would be appropriate.

19  ### FORTY-SIXTH AFFIRMATIVE DEFENSE

20  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

21  TODD alleges that TODD has fully performed any contractual, statutory or other alleged duties to

22  Plaintiff, if any such duties were owed, and Plaintiff is thus barred from recovery.

23  ### FORTY-SEVENTH AFFIRMATIVE DEFENSE

24  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

25  TODD alleges that Plaintiff's damages against TODD are speculative, and Plaintiff is barred from

26  asserting any such damages against TODD.

27  ### FORTY-EIGHTH AFFIRMATIVE DEFENSE

28  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1  TODD alleges that it was justified in undertaking actions to protect its interests and acted at all times

2  reasonably and in good faith and, thus, its conduct as alleged in the Complaint was justified or

3  excused.

### FORTY-NINTH AFFIRMATIVE DEFENSE

5      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

6  TODD alleges that other parties are responsible either directly or indirectly for liability for Plaintiff's

7  loss, injuries or damages, and in the event that TODD is held liable for Plaintiff's loss, injury or

8  damages, such persons or entities are obligated to  reimburse TODD for all costs and expenses

9  resulting from the present lawsuit.

### FIFTIETH AFFIRMATIVE DEFENSE

11     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

12  TODD alleges that, at the time the product, substance and equipment described in the Complaint left

13  the custody and control of TODD, it was not unreasonably dangerous or defective, of good

14  merchantable quality, and performed as safely as an ordinary consumer would have expected at the

15  time of use.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

17     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

18  TODD alleges that, the product, substance and equipment described in the Complaint, was improperly

19  maintained and cared for by Plaintiff and/or the owners of the product(s), and such improper care and

20  maintenance created any defect, if any, which was the proximate and legal cause of Plaintiff's loss,

21  injury or damages, if any.  Such improper maintenance and care was not forseeable to TODD.

22  Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility

23  attributable to Plaintiff and/or the owners of the product(s)by virtue of said improper maintenance

24  and care.

25     **WHEREFORE,**  TODD prays for judgment as follows:

26     1.     That Plaintiff  take nothing by reason of his Complaint herein;

27     2.     That judgment be entered in favor of  TODD;

28     3.     For costs of suit incurred herein;

4.    For appropriate credits and set-offs arising out of any payment of Workers'

Compensation benefits as alleged above;

5.    For a judicial determination of the amount of non-economic damages, if any,

allocated to TODD in direct proportion to TODD's percentage of fault, if any, and

a separate judgment in conformance therewith; and

6.    For such other and further relief as the Court may deem just and proper.

DATED: March 24, 2008

YARON & ASSOCIATES

By: _____

GEORGE D. YARON
KEITH E. PATTERSON
GOLI MAHDAVI
ALECIA E. COTTON
Attorneys for Defendant
TODD SHIPYARDS CORPORATION

1 | GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
2 | GOLI MAHDAVI, ESQ. (State Bar #245705)
ALECIA E. COTTON, ESQ. (State Bar #252777)
3 | **YARON & ASSOCIATES**
601 California Street, 21st Floor
4 | San Francisco, California 94108-2281
Telephone: (415) 658-2929
5 | Facsimile: (415) 658-2930

6 | Attorneys for Defendant
TODD SHIPYARDS CORPORATION
7

8 | IN THE UNITED STATES DISTRICT COURT
9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 | RUDOLPH HANNA, ) CASE NO. CV 08-0980 EDL
12 | )
) **DEFENDANT TODD SHIPYARDS**
13 | ) **CORPORATION'S CERTIFICATE OF**
Plaintiff, ) **INTERESTED ENTITIES OR PERSONS**
14 | )
vs. )
15 | )
GENERAL ELECTRIC COMPANY, )
16 | TODD SHIPYARDS CORPORATION, )
NATIONAL STEEL AND )
17 | SHIPBUILDING COMPANY, )
)
18 | Defendants. )
19 | )

20 |     Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

21 | the named parties, there is no such interest to report.

22 | DATED: March 24, 2008               YARON & ASSOCIATES

23

24 |                        By: _____

25 |                        GEORGE D. YARON
KEITH E. PATTERSON
26 |                        GOLI MAHDAVI
ALECIA E. COTTON
27 |                        Attorneys for Defendant
TODD SHIPYARDS CORPORATION
28

GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
GOLI MAHDAVI, ESQ. (State Bar #245705)
ALECIA E. COTTON, ESQ. (State Bar #252777)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUDOLPH HANNA, | ) | CASE NO. CV 08-0980 EDL |
| Plaintiff, | ) | |
| vs. | ) | **DEMAND FOR JURY TRIAL** |
| GENERAL ELECTRIC COMPANY, TODD SHIPYARDS CORPORATION, NATIONAL STEEL AND SHIPBUILDING COMPANY, | ) | |
| Defendants. | ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES

HEREIN:

PLEASE TAKE NOTICE that Defendant TODD SHIPYARDS CORPORATION hereby

demands a trial by jury in the above-entitled action.

DATED: March 24, 2008                   YARON & ASSOCIATES

                                        By: _____
                                            GEORGE D. YARON
                                            KEITH E. PATTERSON
                                            GOLI MAHDAVI
                                            ALECIA E. COTTON
                                            Attorneys for Defendant
                                            TODD SHIPYARDS CORPORATION

1 | GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
2 | GOLI MAHDAVI, ESQ.  (State Bar #245705)
ALECIA E. COTTON, ESQ. (State Bar#252777)
3 | **YARON & ASSOCIATES**
601 California Street, 21st Floor
4 | San Francisco, California 94108-2281
Telephone: (415) 658-2929
5 | Facsimile:  (415) 658-2930

6 | Attorneys for Defendant
TODD SHIPYARDS CORPORATION

7

8

9 | BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

10

11

12 | IN RE: ASBESTOS PRODUCTS LIABILITY    )    **MDL DOCKET NO. 875**
LITIGATION (NO. VI),                                    )
13 |                                                                )
This Document Relates to:                          )
14 | RUDOLPH HANNA vs.                               )
GENERAL ELECTRIC COMPANY, et al.     )
15 | _____)

16 | IN THE UNITED STATES DISTRICT COURT

17 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

18 | RUDOLPH HANNA,                                    )    Case No.  CV 08-0980 EDL
19 |                                                                )
                       Plaintiff,                               )    **DEFENDANT   TODD   SHIPYARDS**
20 |           vs.                                                )    **CORPORATION'S  NOTICE  OF  TAG-**
                                                                    )    **ALONG ACTION**
21 |                                                                )
GENERAL ELECTRIC COMPANY,         )    Multi-District Rule 7.5(e)
22 | TODD SHIPYARDS CORPORATION,      )
NATIONAL STEEL AND                         )
23 | SHIPBUILDING COMPANY,                  )
                                                                    )
24 |                                                                )
                       Defendants.                           )
25 |                                                                )
_____)
26

27 | TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND

28 | Notice of Tag-Along Action                      -1-                      G:\3112\Pleadings\Not.tag.along.wpd

1  THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel of Multi-District

3  Litigation entered an order transferring all asbestos cases pending in the federal courts to the United

4  States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

5  proceedings pursuant to 28 U.S.C. §1207 ("MDL Transfer Order"). The MDL Transfer Order also

6  applies to "tag-along actions," which refers to a civil action pending in a District Court and involving

7  common questions of fact with actions previously transferred under Section 1407 by the Judicial

8  Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause. See Multi-

9  District Litigation Rules ("MDL Rules"), Rule 11.

10     Pursuant to MDL Rule 7.5(c),

11         Any party or counsel in actions previously transferred under Section
           1407 or under consideration by the Panel for transfer under Section
12         1407 shall notify the Clerk of the Panel of any potential "tag-along
           actions" in which that party is also named or in which that counsel
13         appears.

14     Defendant Todd Shipyards Corporation hereby notifies the Court that the above-entitled

15  action involves all or a material part of the same subject matter as another action which is pending

16  in another federal court. Accordingly, the above-entitled action is considered a "tag-along action,"

17  subject to transfer to the United States District Court for the Eastern District of Pennsylvania,

18  because the action involves alleged injuries due to exposure to asbestos. The Clerk of the Panel may

19  either (1) enter a conditional transfer pursuant to MDL Rule 7.4(a) or (2) file an order to show cause

20  why this action should not be transferred pursuant to MDL Rule 7.5(b).

21  DATED: March 24, 2008                    YARON & ASSOCIATES

22
                                      By: _____
23
                                           GEORGE D. YARON
24                                         KEITH E. PATTERSON
                                           GOLI MAHDAVI
25                                         ALECIA E. COTTON
                                           Attorneys for Defendant
26                                         TODD SHIPYARDS CORPORATION

27

28  Notice of Tag-Along Action              -2-              G:\3112\Pleadings\Not.tag.along.wpd