Edward R. Hugo [Bar No. 124839]
P.M. Bessette [Bar No. 127588]
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0333

Attorneys for Defendant
NATIONAL STEEL AND SHIPBUILDING COMPANY

## THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO

| | |
|---|---|
| RUDOLPH HANNA<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br>TODD SHIPYARDS CORPORATION,<br>NATIONAL STEEL AND<br>SHIPBUILDING COMPANY,<br><br><br>Defendants. | USDC: CV08-0980 EDL<br><br>**DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL** |

COMES NOW Defendant NATIONAL STEEL AND SHIPBUILDING COMPANY (hereinafter "Defendant" or "NASSCO") and in answer to the Complaint for Asbestos Personal Injury/Products Liability ("Complaint") of Plaintiff RUDOLPH HANNA ("Plaintiff") on file herein, admits, denies and alleges as follows:

### <u>RESERVATION OF RIGHT TO TRIAL BY JURY</u>

NASSCO reserves the right to a trial by jury.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

# I.

## PARTIES

1.     Answering the allegations of Paragraph 1, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

2.     Answering the allegations of Paragraph 2, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

3.     Answering the allegations of Paragraph 3, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

4.     Answering the allegations of Paragraph 4, NASSCO denies generally and specifically, the Plaintiff was repeatedly exposed to asbestos-containing products manufactured, distributed, and/or sold by NASSCO or that NASSCO is responsible for Plaintiff's alleged injuries and damages.

5.     Answering the allegations of Paragraph 5, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

6.     Answering the allegations of Paragraph 6, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

7.     Answering the allegations of Paragraph 7, NASSCO admits that it is a corporation existing under the laws of other states, and this it is authorized to conduct business in the State of California.  Except as expressly admitted herein, NASSCO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies generally and specifically, each and every allegation contained therein.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

## II.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8.    Answering the allegations of Paragraph 8, NASSCO admits that this Court has jurisdiction over the subject matter of Plaintiff's Complaint under 25 U.S.C. section 1332, because based on the allegations in the pleadings, there is complete diversity and an actual or substantial controversy exists between the citizens of different states. NASSCO denies that it is a corporation incorporated under the laws of the State of California. NASSCO admits that it is incorporated in the State of Nevada, having its principal place of business in the State of California. Except as expressly admitted herein NASSCO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies generally and specifically, each and every allegation contained therein.

9.    Answering the allegations in Paragraph 9, NASSCO denies that venue is proper in this district. As to whether venue is proper in this district, NASSCO lacks sufficient information or belief to ascertain whether Plaintiff's allegations are correct, and under that basis, denies generally and specifically, that venue is proper in this district.

## III.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Negligence)

10.    Answering the allegations of Paragraph 10, NASSCO denies generally and specifically, that NASSCO, manufactured asbestos and/or other products containing asbestos.   NASSCO lacks sufficient information or belief to answer the remaining allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

11.    Answering the allegations of Paragraph 11, NASSCO denies generally and specifically, that NASSCO, manufactured asbestos and/or other products containing

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

asbestos.   NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

12.    Answering the allegations of Paragraph 12, NASSCO denies generally and specifically, that NASSCO, manufactured asbestos and/or other products containing asbestos.   NASSCO lacks sufficient information or belief to answer the remaining allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

13.    Answering the allegations of Paragraph 13, NASSCO denies generally and specifically, that it owed a duty to Plaintiff and that it breached any such duty owed Plaintiff.

14.    Answering the allegations of Paragraph 14, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

15.    Answering the allegations of Paragraph 15, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

16.    Answering the allegations of Paragraph 16, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

17.    Answering the allegations of Paragraph 17, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

18.    Answering the allegations of Paragraph 18, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

19.     Answering the allegations of Paragraph 19, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

20.     Answering the allegations of Paragraph 20 NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

21.     Answering the allegations of Paragraph 21, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

22.     Answering the allegations of Paragraph 22, NASSCO denies generally and specifically, each and every allegation therein.

23.     Answering the allegations of Paragraph 23, NASSCO denies generally and specifically, each and every allegation therein.

24.     Answering the allegations of Paragraph 24, NASSCO denies generally and specifically, each and every allegation therein.

## SECOND CAUSE OF ACTION

### (Products Liability)

25.     Answering Paragraph 25, NASSCO incorporates and re-alleges its responses to paragraphs 1-24 as though fully set forth herein.

26.     Answering the allegations of Paragraph 26, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

27.     Answering the allegations of Paragraph 27, NASSCO denies generally and specifically, each and every allegation therein.

28.     Answering the allegations of Paragraph 28, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

29.    Answering the allegations of Paragraph 29, NASSCO denies generally and specifically, each and every allegation therein.

30.    Answering the allegations of Paragraph 30, NASSCO denies generally and specifically, each and every allegation therein.

31.    Answering the allegations of Paragraph 31, NASSCO denies generally and specifically, each and every allegation therein.

32.    Answering the allegations of Paragraph 32, NASSCO denies generally and specifically, each and every allegation therein.

33.    Answering the allegations of Paragraph 33, NASSCO denies generally and specifically, each and every allegation therein.

34.    Answering the allegations of Paragraph 34, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

35.    Answering the allegations of Paragraph 35, NASSCO denies generally and specifically, each and every allegation therein.

36.    Answering the allegations of Paragraph 36, NASSCO lacks sufficient information or belief to answer the allegations therein and on that basis, denies generally and specifically, each and every allegation therein.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
## FIRST AFFIRMATIVE DEFENSE
### Contravention of Defendant's Constitutional Rights to Due Process of Law

The Complaint and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer of, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted a claim for relief which, if granted, would contravene defendant's constitutional rights to substantive and procedural due process of law as preserved for defendant by the Fourteenth Amendment of the United States Constitution

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

6

1  and by Article I, Section 7, of the Constitution of the State of California.

2  **SECOND AFFIRMATIVE DEFENSE**

3  **Denial of Defendant's Constitutional Rights to Equal Protection of the Laws**

4    The Complaint, and each cause of action thereof, fails to state facts sufficient to

5  constitute a cause of action in that Plaintiff has asserted claims for relief which, if granted,

6  would constitute a denial by this Court of defendant's constitutional right to equal

7  protection of the laws as preserved by the Fourteenth Amendment of the United States

8  Constitution.

9  **THIRD AFFIRMATIVE DEFENSE**

10 **Unconstitutional Taking of Private Property for Public Use**

11 **Without Just Compensation**

12   The Complaint, and each cause of action thereof, which is admittedly based upon

13 a lack of identification of the manufacturer, and contractor using or distributing the

14 alleged injury-causing product, fails to state facts sufficient to constitute a cause of action

15 in that Plaintiff has asserted claims for relief which, if granted, would constitute the

16 taking of private property for public use without just compensation in contravention of

17 the Fifth and Fourteenth Amendments to the United States Constitution.

18 **FOURTH AFFIRMATIVE DEFENSE**

19 **Comparative Fault**

20   This answering defendant alleges that the damages, if any, complained of by

21 Plaintiff, were proximately caused by the negligence, fault, breach of contract and/or

22 strict liability of Plaintiff or other defendants, firms, persons, corporations, unions,

23 employers and entities other than NASSCO, and that said negligence, fault, breach of

24 contract and/or strict liability comparatively reduces the percentage of any negligence,

25 fault, breach of contract or strict liability for which NASSCO is legally responsible, if any

26 be found, which liability  this defendant expressly denies.  Further, this answering

27 defendant alleges that Plaintiff did not exercise ordinary care, caution or prudence to

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

7

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

1    avoid the incidents complained of herein, and said incidents and the injuries and

2    damages, if any, sustained by Plaintiff, were directly and proximately caused and

3    contributed to by the carelessness and negligence of said Plaintiff.

4    **FIFTH AFFIRMATIVE DEFENSE**

5    **Contributory Negligence**

6    This answering defendant alleges that Plaintiff did not exercise ordinary care,

7    caution or prudence to avoid the incidents complained of herein, and said incidents and

8    the injuries and damages, if any, sustained by Plaintiff, were directly and proximately

9    caused and contributed to by the carelessness and negligence of said Plaintiff.

10    **SIXTH AFFIRMATIVE DEFENSE**

11    **Uncertainty**

12    This answering defendant alleges that Plaintiff's Complaint and all purported

13    causes of action therein are vague, ambiguous and uncertain, and fail to state a cause of

14    action on any theory.

15    **SEVENTH AFFIRMATIVE DEFENSE**

16    **Laches**

17    This answering defendant alleges that Plaintiff unreasonably delayed in bringing

18    this action and that such delay substantially prejudiced defendant, and that this action is

19    therefore barred by the Doctrine of Laches.

20    **EIGHTH AFFIRMATIVE DEFENSE**

21    **Statute of Limitations**

22    This answering defendant alleges that Plaintiff's Complaint and the purported

23    causes of action therein are barred by all statutes of limitation, including, but not limited

24    to, the provisions of California Code of Civil Procedure sections 335.1, 337.1, 337.15,

25    338(a), 338(d), 338.1, 340, 340.2, 340.8, 343, 352, 366.1, 366.2, 583.110, 583.120, 583.210,

26    583.310, 583.410 and California Commercial Code section 2725. Plaintiff's claims are

27    further barred by the statute of limitations of states other than California pursuant to

28    California Code of Civil Procedure section 361.

BRYDON
HUGO & PARKER
135 MAIN STREET
20ᵀᴴ FLOOR
San Francisco, CA 94105

8

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

1

### NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

This answering defendant alleges that Plaintiff failed to mitigate damages which Plaintiff contends he suffered, and Plaintiff is therefore barred from any recovery whatsoever, or alternatively, any damages found must be reduced in proportion to such failure to mitigate.

### TENTH AFFIRMATIVE DEFENSE

### Estoppel

This answering defendant alleges that as a result of the acts, conduct and/or omissions of Plaintiff and his agents, or any of them, and each cause of action presented therein, is barred under the Doctrine of Estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

### Waiver

This answering defendant alleges that Plaintiff, by his acts, conduct and omissions, has waived the claims alleged in his Complaint and in each purported cause of action alleged therein.

### TWELVTH AFFIRMATIVE DEFENSE

### Acquiescence

Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of this answering defendant, thus barring Plaintiff from any relief as prayed for herein.

### THIRTEENTH AFFIRMATIVE

### Notice of Dangers

Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal or foreseeable use, handling, storage and in place asbestos of the products, substances, equipment and at premises in which exposure is claimed as is described in the Complaint and is therefore barred from any relief prayed for.

Brydon
Hugo & Parker
135 Main Street
20TH Floor
San Francisco, CA 94105

9

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

### Compliance with Statutes

This answering defendant alleges that all of its conduct and activities as alleged in the Plaintiff's Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Compliance with Specifications

This answering defendant alleges that the asbestos products or asbestos used or in place at any premises, if any, for which NASSCO had any legal responsibility, were manufactured, packaged, distributed or sold in accordance with contract specifications imposed by its co-defendants, by the U.S. Government, by the State of California, by Plaintiff's employers, or by third parties yet to be identified.

## SIXTEENTH AFFIRMATIVE DEFENSE

### No Conspiracy

This answering defendant alleges that NASSCO has no liability for the acts, omissions or otherwise of any other defendant or entity because NASSCO did not become legally responsible for the acts of any such defendant, nor entity, by any communication, alleged, implied, or actual, nor act, action, or activity, and never was, nor is, a conspirator nor co-conspirator with any other defendant or entity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### State-of-the-Art

This answering defendant alleges that all of its activities, products, materials and its premises at issue here at all times were conducted, used, produced, marketed, and operated in conformity with the existing scientific, medical industrial hygiene and consumer knowledge, art and practice and state-of-the-art.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### No Foreseeable Risk to Plaintiff

The state of the medical, scientific, and industrial knowledge and practice was at

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

all material times such that defendant neither breached any alleged duty owed Plaintiff, nor knew, nor could have known, that its activities, materials, products, activities or premises presented a foreseeable risk of harm to Plaintiff in the normal and expected course of such activities and use of such materials and products.

### NINETEENTH AFFIRMATIVE DEFENSE

### No Right to Control

This answering defendant alleges that any loss, injury, or damage incurred by Plaintiff was proximately and legally caused by the negligent or willful acts or omissions of parties which NASSCO neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of NASSCO.

### TWENTIETH AFFIRMATIVE DEFENSE

### Action for Relief

This answering defendant alleges the causes of action, if any, attempted to be stated and set forth in the Complaint, are barred by the provisions of the Code of Civil Procedure of the State of California and/or other statutes of the State of California, including without limitation Code of Civil Procedure section 338(d).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### Misuse and Improper Use of Products

This answering defendant alleges that if the Plaintiff allegedly suffered injuries attributable to the disturbance or use of any product for which NASSCO had any legal responsibility, which allegations are expressly herein denied, the injuries were solely caused by, and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use and abuse which was made of said product by persons or entities other than NASSCO.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### Due Care and Diligence

This answering defendant alleges that NASSCO exercised due care and diligence in all of the matters alleged in the Complaint, and no act or omission by NASSCO was

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

11

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

the proximate cause of any damage, injury or loss to Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Alteration and Misuse of Product

This answering defendant alleges that an insubstantial amount, if any at all, of the products containing asbestos distributed, used, supplied by defendant or used or in place at any premises owned or controlled by defendant, were not disturbed or used in the presence of Plaintiff and not supplied to the Plaintiff, and if so, were substantially altered by others and/or used in a manner inconsistent with the labeled directions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Equal or Greater Knowledge of Hazards

This answering defendant alleges that any and all products containing asbestos used, distributed or supplied by defendant were distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which knowledge is equal to or greater than the knowledge of NASSCO.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Other Parties' Liability and Negligence

This answering defendant alleges that if there was any negligence or any other form of liability on the part of any of the parties named herein, it was the sole and exclusive negligence and liability of the other persons or entities and not of NASSCO.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Apportionment and Offset

This answering defendant is informed and believes and thereon alleges that Plaintiff's acts and omissions, including Plaintiff's agents, servants, and employees acting within the course and scope of their employment, and others, contributed to the alleged damages, injury, or loss, if any, sustained by Plaintiff. Defendant requests that the Court apply the principles of apportionment and offset so as to permit the Court or jury to apportion liability according to fault and to grant defendant a corresponding offset

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

12

1  against any damages awarded to Plaintiff.

2  ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3  ### Contribution/Equitable Indemnity

4  This answering defendant alleges, in the event it is held liable to Plaintiff, any such

5  liability is expressly herein denied, and any other co-defendants are likewise held liable,

6  NASSCO is entitled to a percentage contribution of the total liability from said co-

7  defendants in accordance with the principles of equitable indemnity and comparative

8  contribution.

9  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10  ### Assumption of Risk by Plaintiff's Employer(s)

11  This answering defendant alleges that the Complaint and each cause of action

12  alleged therein are barred on the grounds that Plaintiff's employer or employers

13  knowingly entered into and engaged in the operations, acts and conduct alleged in the

14  Complaint, and voluntarily and knowingly assumed all of the risks incident to said

15  operations, acts and conduct at the time and place mentioned in the Complaint.

16  ## TWENTY-NINTH AFFIRMATIVE DEFENSE

17  ### Assumption of Risk

18  This answering defendant alleges Plaintiff assumed the risk of the matters referred

19  to in his Complaint and that Plaintiff knew and appreciated the nature of the risk and

20  that the Plaintiff voluntarily accepted this risk.

21  ## THIRTIETH AFFIRMATIVE DEFENSE

22  ### No Market Share

23  This answering defendant alleges that NASSCO did not have an appreciable share

24  of the market for the asbestos-containing products which allegedly caused Plaintiff's

25  injuries, which occurrence NASSCO expressly denies. Accordingly, NASSCO may not be

26  held liable to Plaintiff based on its alleged share of the applicable product market.

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

13

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### Plaintiff Fails to Join a Substantial Market Share

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering defendant, in that defendant has failed to join a substantial market share of the producers or products to which Plaintiff was allegedly exposed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### Insufficient Facts to Show Substantial Market Share of this Defendant

To the extent the Complaint asserts defendant's alleged "alternative," "market share," or "enterprise" liability, the Complaint fails to state facts sufficient to constitute a cause of action against this defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### Independent, Intervening or Superseding Cause

This answering defendant alleges that if Plaintiff suffered any injuries attributable to the use of any product containing asbestos which was used, distributed or sold by defendant, which allegations are expressly denied herein, the injuries were solely caused by an unforeseeable, independent intervening and/or superseding event beyond the control and unrelated to any conduct of defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Not a Substantial Factor

This answering defendant alleges that the Complaint and each cause of action therein presented are barred on the grounds that the products, conduct, materials or premises of defendant as referred to in Plaintiff's Complaint, if any, were not a substantial factor in bringing about the injuries and damages complained of by Plaintiff and did not increase the risk that Plaintiff would suffer the injuries and damages complained of.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

14

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### Insufficient Exposure

Any exposure of Plaintiff to defendant's activities, products or exposure to asbestos or asbestos-containing products at NASSCO's premises was so minimal as to be insufficient to establish by a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to Plaintiff.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### No Successor Liability

This answering defendant alleges that NASSCO has no liability for the acts, omissions or otherwise of any other defendant or any other entity because NASSCO did not become legally responsible for the acts of any such defendant or entity given the facts and circumstances of the pertinent transactions and never was, nor is, a successor-in-interest, a successor-in-liability or an alternate entity for any other user, manufacturer, supplier, seller, distributor or premises holder relating to asbestos or asbestos-containing products.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### Lack of Privity

This answering defendant alleges that Plaintiff has failed to state a cause of action in that the Complaint fails to allege that there was privity between defendant on the one hand, and Plaintiff on the other, and furthermore, such privity did not exist between defendant on the one hand, and Plaintiff on the other.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### Secondary Assumption of Risk

This answering defendant alleges that any and all products containing asbestos used, distributed or supplied by defendant were used, distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which is equal to or greater than, the knowledge of NASSCO, *i.e.* NASSCO's liability should be reduced in proportion to the

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

1  knowledge of Plaintiff.

2  ### THIRTY-NINTH AFFIRMATIVE DEFENSE

3  ### Civil Code Section 1431.2

4  This answering defendant alleges that the provisions of California Civil Code

5  section 1431.2 (commonly referred to as "Proposition 51") are applicable to Plaintiff's

6  Complaint and to each cause of action therein.

7  ### FORTIETH AFFIRMATIVE DEFENSE

8  ### Workers' Compensation Exclusive Remedy

9  This answering defendant alleges that the Complaint is barred by the exclusivity

10  provisions of the California Workers' Compensation laws, including, but not limited to,

11  California Labor Code sections 3600, *et seq.*

12  ### FORTY-FIRST AFFIRMATIVE DEFENSE

13  ### Offset for Workers' Compensation Benefits

14  This answering defendant alleges that to the extent Plaintiff herein recovered, or in

15  the future may recover, any monies in connection with any claim for workers'

16  compensation benefits, any amounts recovered in this action are subject to a claim by

17  defendant for a credit or offset.

18  ### FORTY-SECOND AFFIRMATIVE DEFENSE

19  ### Express Contractual Indemnity

20  This answering defendant alleges that if Plaintiff claims exposure to asbestos or

21  asbestos-containing products at a NASSCO premises, NASSCO contracted with Plaintiff

22  and/or Plaintiff's employer(s) for them to fully assume all responsibility for insuring

23  Plaintiff's safety, to guarantee that no hazardous condition existed, and/or to warn and

24  protect against any such conditions, during the performance of Plaintiff's work, and,

25  further, to fully indemnify NASSCO, and to hold NASSCO harmless, for all

26  responsibility and liability arising out of said work, and/or any injuries allegedly incurred

27  by Plaintiff as a result of any of said work.  NASSCO reserves all rights to assert these

28  provisions of contractual indemnity.

BRYDON
HUGO & PARKER
135 MAIN STREET
20ᵀᴴ FLOOR
San Francisco, CA 94105

16

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

## FORTY-THIRD AFFIRMATIVE DEFENSE

### Consent

This answering defendant alleges that at all times mentioned, Plaintiff consented to the alleged acts or omissions of NASSCO.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### Unusual Susceptibility

This answering defendant alleges that each of Plaintiff's injuries and damages, if any, were proximately caused or contributed to by Plaintiff's unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitivity reactions for which NASSCO is not liable.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### Good Faith

This answering defendant alleges that Plaintiff's claim for punitive damages is barred because NASSCO at all times and places mentioned in the Complaint acted reasonably and in good faith, and without malice or oppression towards the Plaintiff.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### Sophisticated User

This answering defendant alleges that NASSCO was under no legal duty to warn Plaintiff of the hazard associated with the use of products containing asbestos or their existence at any premises owned, operated, controlled or otherwise by NASSCO. The purchasers of said products, the Plaintiff, Plaintiff's employers, his unions or certain third parties yet to be identified, were knowledgeable and sophisticated users and were in a better position to warn Plaintiff of the risk associated with using products containing asbestos and, assuming a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiff's damages, if any.

BRYDON
HUGO & PARKER
135 MAIN STREET
20ᵀᴴ FLOOR
San Francisco, CA 94105

17

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### Work Hazard Precautions

This answering defendant alleges that Plaintiff's employer(s) was/were advised and warned of any potential hazards and/or dangers associated with the normal and foreseeable conduct with, or storage and disposal of the products referred to in the Complaint, in a manner which was adequate notice to an industrial user of such product to enable it to inform its employees to take appropriate work precautions to prevent injurious exposure.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Indispensable Parties

Plaintiff herein has failed to join indispensable parties (California Code of Civil Procedure, section 389) and the Complaint is thereby defective, and Plaintiff is thereby precluded from any recovery whatsoever as prayed for herein.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### Plaintiff is not a Real Party in Interest

Plaintiff, and each of them, herein lacks legal capacity to sue and is not a real party in interest and is thereby precluded from any recovery whatsoever as prayed for herein.

## FIFTIETH AFFIRMATIVE DEFENSE

### Fraud and Conspiracy are Not Separate Forms of Damages

Fraud and conspiracy do not constitute a separate and distinct form of damages from general damages, and, therefore, the prayer for fraud and conspiracy in addition to general damages does not sufficiently support or constitute a separate claim for damages against this answering defendant, but is simply cumulative and included in general damages.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### Failure to Allege with Particularity

This answering defendant alleges that Plaintiff's Complaint fails to set out its claims with sufficient particularity to permit defendant to raise all appropriate defenses

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

1    and, thus, defendant reserves the right to add additional defenses as the factual basis for

2    these claims becomes known.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

#### Negligent Hiring Claim Invalid

5    An employee of an independent contractor may not pursue a claim for negligent

6    hiring against a hirer of the independent contractor.  (See *Camargo v. Tjaarda Dairy* (2001)

7    25 Cal.4th 1235.)

### FIFTY-THIRD AFFIRMATIVE DEFENSE

#### Right to Amend

10    This defendant will assert any and all additional defenses that arise during the

11    course of this litigation and reserves the right to amend its answer to assert such

12    defenses.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

#### Alternate Unknown Cause

15    The alleged injuries and damages, if any, may be in whole or in part due to injury,

16    disease or cause other than as alleged.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

#### No Concert of Action

19    There is no concert of action between defendant and any of the other named

20    defendants.  Defendants are not joint tortfeasors and accordingly, defendant may not be

21    held jointly and severally liable with the other named defendants.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

#### Res Judicata

24    Plaintiff's action is barred or, alternatively, merged into a prior cause of action for

25    which Plaintiff has previously sued upon, recovered, and dismissed with prejudice,

26    thereby requiring a complete extinguishment of the instant action due to the doctrines of

27    Res Judicata and Collateral Estoppel.

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

**PRAYER**

WHEREFORE, NASSCO prays for judgment as follows:

1.  That Plaintiff take nothing by reason of his Complaint or any claims stated therein;

2.  That Plaintiff's Complaint and each cause of action contained therein be dismissed with prejudice as to NASSCO;

3.  That judgment be entered in favor of NASSCO;

4.  For costs of suit incurred herein;

5.  For such other and further relief as the Court deems just and appropriate in the circumstances.

Dated: March 21, 2008                    BRYDON, HUGO & PARKER

By: _____
Edward R. Hugo
P.M. Bessette
Attorneys for Defendant
NATIONAL STEEL AND
SHIPBUILDING COMPANY

DEFENDANT NASSCO'S ANSWER TO PLAINTIFF'S COMPLAINT

*Hanna, Rudolph*
United States District Court Northern District of California Case No. CV080980

## PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

on the following:

BRAYTON PURCELL LLP (Novato)        See ECF Service List
222 Rush Landing Road
Novato, CA 94948
Fax: (415) 898-1247

**X    By transmitting electronically the document(s) listed above as set forth on the electronic service list on this date before 5:00 p.m.**

o    By transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

o    By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

o    by causing personal delivery of the documents(s) listed above to the person(s) at the address(es) set forth above.

I declare under penalty of perjury that the above is true and correct. Executed on March 28, 2008, at San Francisco, California.

A. LISA RAMON

1